RECEIVED
IN ALEXANDRIA, LA
SEP 24 2010
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| PAULIN SHABAJ,<br>    Petitioner | CIVIL ACTION<br>NO. CV09-CV-01890 |
| VERSUS | |
| ERIC HOLDER, et al.,<br>    Respondents | JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by petitioner Paulin Shabaj ("Shabaj") on November 5, 2009. Shabaj, a native and citizen of Albania, alleges in his complaint that he entered the United States seeking political asylum on November 10, 2000; that request was initially denied (Doc. 1). In 2005, Shabaj married a United States citizen and filed applications for adjustment of status and waiver of inadmissibility, which were denied on January 26, 2009 (Doc. 1). Also on January 26, 2009, Shabaj was served with an order of removal and detained by ICE. Shabaj contests his continued detention, since January 26, 2009, by the Bureau of Customs and Immigration Enforcement ("ICE") pending his removal from the United States. At the time of filing his petition, Shabaj was being detained in the Lasalle Detention Facility in Jena, Louisiana (Doc. 1). The sole relief requested by Shabaj is release from custody

pending his removal, pursuant to Zadvydas v. Davis, 533 U.S. 678, 121 S.Ct. 2491 (2001).

Respondents filed an answer (Doc. 11) and a motion to dismiss (Doc. 12). In their motion to dismiss (Doc. Item 12), the Respondents state and show through an affidavit from Brian Gueringer, the Officer in Charge of the ICE facility at Oakdale, Louisiana, and attached documents that Shabaj was released, pursuant to an order of supervision pending removal, on April 5, 2010. Shabaj did not file a response to the motion.

Since Shabaj has achieved the sole relief requested in his habeas petition, Shabaj's habeas petition has been rendered moot. Therefore, the Respondents' motion to dismiss (Doc. 12) should be granted and Shabaj's petition should be dismissed as moot.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Respondents' motion to dismiss (Doc. 12) be GRANTED and that Shabaj's habeas petition be DISMISSED AS MOOT.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District

Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 24th day of September, 2010.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE